UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

In re:  
MOISES FAIDENGOLD,

    Debtor.
_____/

CASE NO. 11-44944-RBR

CHAPTER 7

## CHAPTER 7 TRUSTEE'S OBJECTION TO CREDITOR DIANA ESCORIHUELA'S MOTION FOR RELIEF FROM AUTOMATIC STAY

Kenneth A. Welt, (the "Trustee"), Chapter 7 Trustee for the estate of Moises FAidengold (the "Debtor"), by and through undersigned counsel, here by this files this Objection to the Motion for Relief from Automatic Stay [C.P. 11] (the "Stay Motion") filed by Creditor, Diana Escorihuela ("Movant"), and in support thereof states:

### Introduction

1. The Stay Motion was filed only within a few days after the appointment of the Trustee. Notably, the Trustee has yet to get started on his full-fledge investigation into the Debtor's business and financial affairs. Indeed, the 341 meeting of creditors has yet to be held and is currently scheduled for January 30, 2012 at 8:30 a.m. Moreover, undersigned counsel has just recently been retained as general counsel the Trustee to, among other things, assist the Trustee with his investigation and assess any claims against third parties, including, if appropriate, bringing and prosecuting claims against the same third parties identified in Movant's cause of action against the Debtor, his spouse, and others.

2. The Movant's Stay Motion must be denied because only the Trustee has the standing to bring the claims against third parties for claims primarily based on fraudulent transfer theories. Further, allowing the Movant to proceed in state court would cause interference with the Trustee's efforts to recover property of the estate for the benefit of all creditors, including the

Movant. Further, to allow the relief sought in the Stay Motion would lead to multiple lawsuits in multiple forums - including the potential of inconsistent results - competing for the exact same assets under the color of claims belonging to the Debtor's bankruptcy estate. Accordingly, the Stay Motion is improper, premature, and must be summarily denied.

## Background

3. On December 23, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7, title 11 of the United States Code (the "Bankruptcy Code") with this Court (the "Main Bankruptcy Case") [C.P. 1].

4. The Trustee is the duly appointed and acting Chapter 7 trustee for the Debtor's estate.

## Debtor's Relationship with Movant

5. Prior to the Petition Date, the Debtor was apparently engaged in a scheme to cheat thousands of dollars from several investors, including the Movant, in exchange for excessive returns of 12% to 14%.

6. As set forth in its Stay Motion, the Movant asserts the Debtor failed to return the sum of $900,000.00 to invest on her behalf in safe securities, such as Ford and Google. The Debtor allegedly never returned the principal sum of the Movant's investment despite demand. This lead to the filing of a lawsuit under the case captioned *Diana Escorihuela v. Moises Faidengold et al.*, pending in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Case No. 10-23693 CA 27 ("State Court Action"). In her lawsuit against the Debtors and others, the Movant seeks to recover her $900,000 investment under various legal theories, including, among others, fraudulent conveyance (the "Claims"). Admittedly, the Movant alleges that all or part of the misappropriated funds have been utilized by the Debtor to

purchase or, otherwise, invest such funds in assets being claimed as exempt in this bankruptcy case, including through the artifice of a family partnership, Double M Florida Family Limited Partnership, managed by the Debtor's wife as agent for the general partner of such entity.

7. The Movant now seeks relief from the automatic stay to continue her prosecution of the State Court Action to liquidate her Claim into a judgment against the Debtor, his spouse, and others (the "Prospective Third Party Defendants"). The Claims against these parties arise exclusively from assets conveyed by the Debtor to himself and others apparently without consideration or in an attempt to hinder, delay, or defraud creditors such as the Movant. In this regard, the Movant impliedly acknowledges in her Stay Motion that such Claims now belong exclusively to the bankruptcy estate, irrespective of her desire to continue to litigate in another forum during the pendency of this bankruptcy case. To allow the Movant to continue her litigation quest will exclusively benefit of one creditor at the expense of other creditors of this bankruptcy estate.

## Objection to Stay Motion

8. The Stay Motion should be denied for several reasons. First, the Movant cannot continue any action against the Debtor pursuant to Section 361 of the Bankruptcy Code. The filing of the bankruptcy automatically stays proceedings against the Debtor. The appropriate remedy as to the Debtor is for the Movant to commence an action in this Court to object to the Debtor's overall discharge or, alternatively, to the dischargeability of her debt pursuant to Sections 523 and 727.

9. Second, the Movant seeks to pursue causes of action which belong to the estate. These actions are now within the exclusive province of the Trustee. It is well-settled law that if a cause of action belongs to the estate, then, it is only the Trustee who has standing to bring such

claims.  National American Insurance Co. v. Ruppert Landscaping Co., 187 F.3d 439, 441 (4th Cir. 1999); In re Educators Group Health Trust, 25 F.3d 1281,1284 (5th Cir. 1994); Hatchett v. United States of America, 330 F. 3d 875, 886 (6th Cir. 2003);  National Tax Credit Partners, L.P. v. Havlik, 20 F. 3d 705, 709 (7th Cir. 1994); In re Zwirn, 362 B.R. 536 (Bankr. S.D. Fla. 2007). The Movant would only have standing to pursue such litigation only after the Trustee abandons such claims or the bankruptcy case concludes without administration of such assets. Ruppert Landscaping Co., 187 F.3d at 441. See also Chicago Truck Drivers, Helpers, and Warehouse Workers Union Pension Fund v. Tasemkin, Inc., 59 F.3d 48 (7th Cir. 1995).

        10.     Even if other "non-estate" causes of action against the Prospective Third Party Defendants may exist, the Movant would still be precluded from bringing such claims while the Trustee has concurrent causes of action pending against the same parties.  In Ruppert Landscaping Co., for example, certain sureties of a debtor sought to pursue alter ego and other claims against an entity which also was the recipient of fraudulent transfers from the debtor. 187 F.3d at 439. The sureties argued that they could directly bring the alter ego and other claims on the basis that such claims were not property of the estate. Id. at 441.  However, because all of the claims had the "same focus" as the trustee's potential fraudulent conveyance claims, the court held that the sureties lacked standing to bring the cause of action. In so holding, the Fourth Circuit stated that:

> The bankruptcy court noted that the trustee has a potential fraudulent conveyance action to challenge the legality of the transaction between [the debtor] and [the defendant].  All of the Sureties' claims have this same focus.  To make out their successor liability claim, the Sureties rely heavily on exposing the [debtor/defendant] transaction to be fraudulent in fact . . . .  Although the Sureties and the trustee's fraudulent conveyance claim do not contain identical elements, they all share the same underlying focus.

> The Sureties' causes of action are thus so similar in object and purpose to claims that the trustee could bring in bankruptcy court that the Sureties lack standing to pursue these claims in district court. Until the trustee has abandoned his potential fraudulent conveyance action, the Sureties cannot proceed with their claims in district court.

Id. (citations omitted). Similarly, the Trustee's claims against the Prospective Third Party Defendants would have the same focus as the Movant's alleged claims: the transfer of assets either without consideration or with the intent to hinder, delay or defraud creditors. Accordingly, the Movant should be precluded from continuing to litigate against the Prospective Third Party Defendants.

11.     Currently, the Trustee and his professionals are commencing their investigation into the Debtor's business and financial affairs to (as diligently as possible) assess whether to commence the litigation claims against the Prospective Third Party Defendants - which claims include the assertions raised by the Movant and which are the focus of her State Court Action. Although the claims of the Debtor's bankruptcy estate and those of the Movant are no completely "identical," the Court should not lift the automatic stay and refuse such invitation in order to avoid the Movant "interfering" with property of the estate. See In re Lichfield Co., 135 B.R. 797, 804 (W.D. N.C. 1992).

12.     In addition, allowing the Movant to continue litigation against the Prospective Third Party Defendants would: (a) create multiple litigation in multiple forums; (b) create the potential for inconsistent results; and (c) unnecessarily have one creditor compete over assets belong to the estate at the expense of other creditors. Thus, the estate would be greatly prejudiced if the Movant were allowed to continue litigation against the Prospective Third Party Defendants when the Trustee holds similar claims against the very same party.

**Conclusion**

13. Based on the foregoing, the Trustee respectfully requests that the Court enter an Order denying the Stay Motion.

WHEREFORE, the Trustee respectfully requests the Court grant the relief requested herein, and award any such other and further relief as the Court deems just and proper.

Dated on this 13th day of January, 2012.

<div style="margin-left: 50%;">
GENOVESE JOBLOVE & BATTISTA, P.A.<br>
*Counsel for Kenneth Welt, Chapter 7 trustee*<br>
Miami Tower, 44th Floor<br>
100 SE Second Street<br>
Miami, Florida 33131<br>
Tel.: (305) 349-2300<br>
Fax.: (305) 349-2310<br>
<br>
By: /s/ Carlos E. Sardi<br>
    Glenn D. Moses, Esq.<br>
    Florida Bar No. 174556<br>
    Email: gmoses@gjb-law.com<br>
    Carlos E. Sardi, Esq.<br>
    Florida Bar No. 781401<br>
    Email: csardi@gjb-law.com
</div>

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 13th day of January, 2012 via facsimile, CM/ECF, and/or first-class postage-prepaid U.S. Mail to all parties on the attached service list.

<div style="margin-left: 50%;">
/s/ Carlos E. Sardi<br>
    Carlos E. Sardi
</div>

## SERVICE LIST

### VIA CM/ECF ONLY

Paul L. Orshan, Esq.
2506 Ponce de Leon Boulevard
Coral Gables, Florida 33134
*Debtor's Counsel*

Kenneth A. Welt, Trustee
1844 N. Nob Hill Road, Suite 615
Plantation, Florida 33322
*Chapter 7 Trustee*

U.S. Trustee
Office of the U.S. Trustee
51 S.W. First Avenue, Suite 1204
Miami, Florida 33322

### VIA CM/ECF AND EMAIL

J. Michael Wermuth, Esq.
Email: Michael@rgmwlaw.com
Gonzalez & Wermuth
8750 NW 36 Street, Suite 425
Miami, Florida 33178
*Movant's Counsel*

Nory M Acosta
Email: nory@rgmwlaw.com
Gonzalez & Wermuth
8750 NW 36th Street
Suite 425
Miami, Florida 33178
*Movant's Counsel*

### VIA U.S. MAIL ONLY

Moises Faidengold
289 Landings Boulevard
Weston, Florida 33327
Debtor